**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10339 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00322-LEK-1 |
| v. | |
| JIA HUI CAI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and CHEN,[**] District Judge.

Defendant-Appellant Jia Hui Cai appeals from the district court's judgment

revoking his probation and sentencing him to a term of ten months in custody and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

thirty-six months of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[1]

Cai contends that the admission of hearsay evidence during his probation revocation hearing violated his due process rights to confront adverse witnesses. We agree. *See United States v. Hall*, 419 F.3d 980, 988 (9th Cir. 2005).

Pursuant to *Morrissey v. Brewer*, 408 U.S. 471 (1972), every defendant "is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999); *see also Hall*, 419 F.3d at 986. This right is codified in Federal Rule of Criminal Procedure 32.1, which provides the "opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." FED. R. CRIM. P. 32.1(b)(1)(B)(iii), 32.1(b)(2)(C); *see also* FED. R. CRIM. P. 32.1 advisory committee's note to 2002 amendment ("The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it.").

---

[1] Because the parties are familiar with the facts and the procedural history, we do not recount them here.

"The weight to be given the right to confrontation in a particular case depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Comito*, 177 F.3d at 1171 (footnote omitted). "In determining the government's good cause in not producing a witness, we look to 'both the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence.'" *Hall*, 419 F.3d at 988 (quoting *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993)).

Because the district court relied exclusively on the challenged hearsay evidence when it determined that Cai had violated his probation, it is undisputed that Cai's interest in confrontation was "very strong."[2] The government is correct that Cai's interest in confrontation was diminished by the reliability of the hearsay evidence, but our case law makes clear that reliability alone does not render hearsay evidence admissible in revocation proceedings. *Id.* (noting that an "otherwise strong interest in confrontation is somewhat lessened by the reliability of the hearsay evidence, but it is not defeated"). The government still needed to

---

[2] Specifically, the government relied on the recording of a 911 call by Monique Lai (Cai's wife), and victim statements by Lai and Li Ying Lo (Lai's mother) that were contained in police reports.

3

show good cause for not producing the witnesses in order to outweigh Cai's confrontation right. *Id.*

The record does not show that the government made any effort to procure either witness, both of whom resided locally. The 911 call allows for an inference that at least Lai was frightened on the night of the alleged incident. But there is no record evidence that Lai or Lo were frightened at the time of the revocation proceeding and unwilling to testify. Having failed to show that it made some effort to procure the witnesses' testimony, the government failed to meet its burden.

Because the government failed to show good cause, the district court erred by admitting this hearsay evidence. On this record, we cannot say that the error was harmless.

We therefore REVERSE the judgment of the district court and REMAND for resentencing or for a new revocation hearing consistent with this disposition.

*United States v. Cai*, No. 18-10339

CALLAHAN, Circuit Judge, dissenting:

I disagree with the majority's conclusion that the district court erred in admitting the 911 call and the victims' statements to police. A decision as to whether to admit hearsay evidence in a revocation proceeding depends on an assessment of "the significance of the releasee's interest in the right to confrontation," which "is not static but is of greater or lesser significance depending on the circumstances." *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999). The *Comito* due process balancing analysis generally requires the court to weigh the probationer's right to confrontation against the government's "good cause for not producing witnesses." *Id*. The district court correctly did so here. Specifically, the district court found that, even though "the hearsay evidence [was] critical to the Court's ultimate finding" and that Cai had a "very strong interest" in challenging the evidence and confronting the witnesses, his interest was outweighed by the "highly reliable" nature of the hearsay evidence and the government's showing of good cause for not producing the witnesses based on the fact "that both witnesses fear for their safety."

The majority faults the government for not making any additional effort to procure the witnesses and concludes that there is no record evidence that the victims were frightened and unwilling to testify at the time of the revocation

proceeding. But, as the majority acknowledges, the record clearly shows that the victims sincerely and reasonably feared Cai on the night of the alleged incident. Both the 911 call and the victims' statements to police, taken immediately after Cai allegedly tried to attack them with a knife, demonstrate their apparent fear of him at the time. It was reasonable for the district court to infer from this evidence— especially in the context of the domestic relationships involved, and coupled with the eventual recantation of both victims after the emergency subsided—that the victims remained fearful of Cai and were unwilling to testify against him at the time of the revocation proceeding. Indeed, during the proceedings, the government counsel informed the court that the Cai's wife's attorney had expressly stated that she would invoke the marital privilege and refuse to testify if the government were to subpoena her to testify against Cai. On this record, the district court did not err in concluding that the government had shown good cause for not producing the witnesses, and that this good cause outweighed Cai's confrontation interest. Thus, I would affirm.